## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIELLA ORTOLANO,

     Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,

     Agency.

DOCKET NUMBER
NY-844E-15-0106-I-1

DATE: October 27, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel Kravetz</u>, New York, New York, for the appellant.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction because the Office of Personnel Management (OPM) has not yet issued a final decision in her request to reinstate a disability retirement annuity.  Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to provide information about the appellant's termination from her employing agency, we AFFIRM the initial decision.

¶2        The appellant filed this appeal pursuant to a January 28, 2015 letter from OPM she received regarding her request to reinstate her disability retirement annuity under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 1. The appellant was removed from her position as a Service Representative, GS-0962-08, with the Social Security Administration (SSA) effective February 27, 2013, based on a charge of excessive absence. *Id.* at 5; *Ortolano v. Social Security Administration*, MSPB Docket No. NY-0752-13-0155-I-1, Final Order at 2 (Feb. 4, 2015) (Final Order). While her appeal of the removal action was pending at the Board's New York Field Office, OPM approved her application for disability retirement. *Ortolano v. Office of Personnel Management*, MSPB Docket No. NY-844E-13-0214-I-1, Initial Decision at 2 (Aug. 20, 2013). Nevertheless, she proceeded with her removal appeal, and the administrative judge reversed the removal action and directed the SSA to reinstate her. *Ortolano v. Social Security Administration,* MSPB Docket

No. NY-0752-13-0155-I-1, Initial Decision at 16 (Feb. 25, 2014). The appellant returned to duty on March 19, 2014, and OPM terminated her disability retirement benefits. IAF, Tab 1 at 5, Tab 11 at 1.

¶3    The SSA filed a petition for review in the removal appeal. The Board granted the petition for review and remanded the appeal for further analysis. Final Order at 5-6. That matter is still pending in the New York Field Office. Her return to duty, however, was unsuccessful. IAF, Tab 1 at 5. She left her position on July 30, 2014, notifying OPM that she could not continue to work and requesting that her disability retirement annuity be reinstated. IAF, Tab 8 at 1-2, Tab 11 at 1. The SSA granted her leave without pay not to exceed July 12, 2015. IAF, Tab 8 at 4-5. In OPM's January 28, 2015 response, prepared as a result of an inquiry on the appellant's behalf by U.S. Senator Kristen Gillibrand, OPM stated that she would have to reapply for disability retirement and submit updated medical documentation. OPM enclosed an application for disability retirement. IAF, Tab 4, Tab 6 at 6. The appellant filed this appeal. IAF, Tab 1.

¶4    On appeal, the administrative judge found that the January 28, 2015 letter did not represent a final decision from OPM that would confer Board jurisdiction. IAF, Tab 12, Initial Decision (ID) at 4. The administrative judge found that the extent to which the appellant had informed OPM of her inability to work was unclear, and in any event, she was not yet separated from the agency. *Id.*

¶5    The appellant filed this petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant explains that she was terminated effective February 4, 2015. *Id.* at 1. She submitted a Standard Form 50, dated April 3, 2015, which documents her termination.[2] *Id.* at 4. The initial decision, which was issued on July 7, 2015, states that she had not been separated. ID at 1, 4. To

---

[2] The appellant has not explained why she failed to submit this document before the record closed below. *See* 5 C.F.R. § 1201.115(d). However, she was likely unaware that the SSA had terminated her, as her final pleading submitted on appeal was dated April 1, 2015. IAF, Tab 11.

the extent that the initial decision was incorrect when it was issued, we now correct it.

¶6    The appellant argues that OPM never gave her any information regarding how she might have her annuity reinstated if her recovery was short lived. PFR File, Tab 1 at 1. She further argues that OPM waited 6 months after she informed that agency that she could no longer work to notify her that she had to reapply for disability retirement benefits. *Id.* at 2. The appellant asserts that, because OPM has not yet reinstated her annuity, her situation is analogous to the one in *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶¶ 14-16 (2014), wherein the Board intervened because OPM had improperly refused or failed to issue a final decision. PFR File, Tab 1 at 2.

¶7    Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table); 5 C.F.R. § 841.308. The Board, however, will take jurisdiction over a retirement-related appeal where OPM has refused or improperly failed to issue a final decision. *Okello*, 120 M.S.P.R. 498, ¶ 14; *McNeese*, 61 M.S.P.R. at 74. In such a case, the Board will consider the totality of the circumstances to find that OPM's *failure to act* on the matter itself constitutes an appealable administrative action affecting the appellant's rights under FERS. *Okello*, 120 M.S.P.R. 498, ¶ 15; *see Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010) (finding that the Board will take jurisdiction, even absent an OPM reconsideration decision, when the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue one).

¶8    The facts here do not support a finding that OPM failed to act upon the appellant's request in a way that is itself an appealable administrative action. In *Okello*, the Board considered that the appellant (and later, his widow) diligently sought a final decision from OPM for more than 6 years. *Okello*, 120 M.S.P.R.

498, ¶ 15.  The appellant has not waited for a final decision for a period of years, and she has not provided any evidence, e.g., copies of correspondence with OPM, showing that she has diligently sought one.  If a disability annuity has been stopped because an annuitant has recovered, she must reestablish her eligibility for the annuity if she later seeks to have it reinstated.  5 C.F.R. § 844.404(a), (b)(2)(i).  The January 28, 2015 letter advised her to resubmit her application for a disability retirement annuity with current medical information.  IAF, Tab 6 at 6.  The record does not show if or when she did so.

¶9  As this appeal is not yet properly before the Board, we cannot address the merits of the appellant's claim that she is eligible for reinstatement of her annuity.  We thus affirm the finding of the administrative judge dismissing the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.